UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| RALPH DAVID VANEATON and | ) | |
| GLORIA J. VANEATON, | ) | |
|     Plaintiffs/ Counter Defendants, | ) | |
| | ) | |
| vs. | ) | 3:04-cv-112 RLY/WGH |
| | ) | |
| GLIMCHER PROPERTIES, LP, | ) | |
|     Defendant/ Counter Claimant. | ) | |

**ENTRY ON PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM**

This matter is before the court on Plaintiffs Ralph David and Gloria VanEaton's Motion to Dismiss Defendant Glimcher Properties, LP's Counterclaim. For the following reasons, the VanEatons' Motion is **granted**.

**I.     Background**

The VanEatons own property in Vincennes, Indiana. In January 1973 they entered into an Amended Ground Lease ("the Lease") on the property with the understanding that the Tenant under that lease, or its assignee, would be developing the vacant land by constructing a commercial building or buildings and leasing the premises to businesses. Specifically, it was contemplated that the S.S. Kresge Company (predecessor to K-Mart) was interested in locating a store at the property and willing to execute a long term sublease with the Tenant.

The Lease was written so that it could be freely assigned, and it has been sold and

1

assigned several times.  Defendant Glimcher Properties, LP became the Tenant by assignment from a related partnership in 2000 and is the current Tenant.  Glimcher's sub-tenants are Charter Communications and K-Mart.  In 2004, the VanEatons filed suit, alleging that: (I) Glimcher is in default because its sublease to Charter Communications does not include an overage rent provision and (II) Glimcher owes the VanEatons $6,746.88 from its sublease to K-Mart.  In September 2005, the court granted Glimcher's Motion for Summary Judgment of the VanEatons' first claim, finding that Glimcher is not in default because of the Charter Communications sublease.  The court denied Glimcher's Motion for Summary Judgment of the K-Mart claim.

Meanwhile, Glimcher has filed a Counterclaim.  As of June 30, 2004, Glimcher had entered into an agreement with Bromont Pavilion GPLP Master, LLC, whereby Bromont would purchase Glimcher's interest in the Lease.  One of the conditions of the purchase agreement, however, was the dismissal of the VanEatons' lawsuit.  In its Counterclaim, Glimcher contends that "[i]f it is determined by order or judgment that plaintiffs may not recover on their Complaint, and if Glimcher's sale to Bromont is not consummated because of the original filing and/or pendency of plaintiffs' lawsuit, then Glimcher will have suffered consequential damages as a result of the plaintiffs' actions and/or failure to act."  (Counterclaim ¶ 5).

**II.   Motion to Dismiss Standard**

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court examines the sufficiency of the complaint, not the merits of the

lawsuit. Fed. R. Civ. P. 12(b)(6); *United States v. Clark County, Ind.*, 113 F.Supp.2d 1286, 1290 (S.D. Ind. 2000). The court will dismiss a complaint for failure to state a claim only if it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Hamlin v. Vaudenberg*, 95 F.3d 580, 583 (7th Cir. 1996) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In making its determination, the court accepts the allegations in the complaint as true, and it draws all reasonable inferences in favor of the plaintiff. *Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1248 (7th Cir. 1997); *Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996). In accordance with this standard, the facts within the Counterclaim are accepted as Glimcher alleges them.

### III. Analysis

The Counterclaim is skeletal at best. In its Response brief, Glimcher identified its claim as an Indiana state law claim for abuse of process. (Response at 2). However, an abuse of process claim consists of two elements: "1) [a]n ulterior purpose; and 2) a willful act in the use of process not proper in the regular conduct of the proceeding." *Reichhart v. City of New Haven*, 674 N.E.2d 27, 30 (Ind. App. 1996) (citing *Broadhurst v. Moenning*, 633 N.E.2d 326 (Ind. App. 1994)). Glimcher's Counterclaim alleges neither bad faith of any sort nor improper process. *See Groen v. Elkins*, 551 N.E.2d 876, 879 (Ind. App. 1990) (defining improper process as intentionally misusing the judicial machinery).

The Counterclaim also fails to allege facts from which an inference of ulterior

motive can reasonably be drawn. The VanEatons could affirmatively admit all of the allegations within the Counterclaim without facing liability. In short, the Counterclaim fails to state a claim upon which relief can be granted. *See, e.g.*, *Reddick v. Carfield*, 656 N.E.2d 518, 523 (Ind. App. 1995) (upholding dismissal of abuse of process case because of failure to assert ulterior motive).

**IV.   Conclusion**

The VanEatons' Motion to Dismiss Glimcher's Counterclaim is **granted**. Glimcher's Counterclaim is hereby **dismissed without prejudice**.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Dated: 11/23/2005

Electronic copies to:

L. Edward Cummings
HART BELL LLC
ecummings@hartbell.com

Nathaniel Mark Ewing
HART BELL LLC
mewing@hartbell.com

Max Eric Fiester

RUDOLPH FINE PORTER & JOHNSON
mef@rfpj.com

Michael R. Reed
SQUIRE SANDERS & DEMPSEY LLP
mreed@ssd.com

Ross E. Rudolph
RUDOLPH FINE PORTER & JOHNSON
rer@rfpj.com