UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| RALPH DAVID VANEATON and ) | |
| GLORIA J. VANEATON, ) | |
|     Plaintiffs, ) | |
| ) | |
| vs. ) | 3:04-cv-112 RLY/WGH |
| ) | |
| GLIMCHER PROPERTIES, LP, ) | |
|     Defendant. ) | |

**ORDER ON DEFENDANT'S MOTIONS IN LIMINE**

This matter is before the court on Defendant Glimcher Properties, LP's Motions in Limine.

**I.     The First Motion in Limine**

**A.     The Parent Company**

In its first Motion in Limine, Glimcher argues that information regarding its parent company should be excluded as prejudicial. According to Glimcher, such information would hint to the jury that Glimcher can afford to pay a large verdict. The VanEatons counter that the jury should know that Defendant is a sophisticated and knowledgeable real estate entity. The court finds that such information is admissible, particularly in light of the fact that the parties have now agreed to a bench trial.

**B.     Parol Evidence and Negotiations**

Glimcher next argues that no parol evidence should be admitted regarding the non-

ambiguous aspects of the Lease and that no evidence concerning the original Lease negotiations should be admissible. It appears that the VanEatons agree with this argument. *See* Plaintiff's Objection to Motion in Limine at 1. As such, the court will exclude such evidence.

### C.     William Foreman

Glimcher then argues that statements made by William P. Foreman should be excluded as hearsay pursuant to Federal Rule of Evidence 802. This aspect of Glimcher's motion does not identify any specific evidence and therefore is not ripe for ruling.

### D.     Paragraphs 6 and 7 of the Amended Complaint

These paragraphs will be excluded as hearsay pursuant to Federal Rules of Evidence 802 and 402.

### E.     Appraisal of John Newlin

Newlin's appraisal is based on the hypothetical condition that the site in question is vacant. That is, his appraisal is not based on the actual condition of the real estate. The flaw in his appraisal can be pointed out on cross examination. His testimony will be admitted.

## II.     The Second Motion in Limine

In its second Motion in Limine, Glimcher argues that the court should exclude the VanEatons' calculation of overage rent due. The proper calculation of overage rent is the central issue left for trial, and the court will not exclude the VanEatons' argument on this point. *See* Entry on Summary Judgment (Docket #95).

### III. Conclusion

For the foregoing reasons, Glimcher's First Motion in Limine is **granted in part and denied in part** and Glimcher's Second Motion in Limine is **denied**.

Dated:  December 9, 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

L. Edward Cummings
HART BELL LLC
ecummings@hartbell.com

Nathaniel Mark Ewing
HART BELL LLC
mewing@hartbell.com

Max Eric Fiester
RUDOLPH FINE PORTER & JOHNSON
mef@rfpj.com

Michael R. Reed
SQUIRE SANDERS & DEMPSEY LLP
mreed@ssd.com

Ross E. Rudolph
RUDOLPH FINE PORTER & JOHNSON
rer@rfpj.com