UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| RALPH DAVID VAN EATON and | ) | |
| GLORIA J. VAN EATON, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 3:04-cv-112 RLY/WGH |
| | ) | |
| GLIMCHER PROPERTIES, LP, | ) | |
|     Defendant. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Count I of the Amended Complaint in this matter was resolved through summary judgment. Count II was before the court for a bench trial on April 3, 2006. In Count II of Plaintiffs' Amended Complaint, they allege that Defendant is in breach of their lease agreement. Therefore, Plaintiffs ask the court to terminate the lease. Having heard the evidence of the parties, and having taken this matter under advisement, the court now enters the following findings of fact, conclusions of law, and entry of judgment, pursuant to Federal Rule of Civil Procedure 52.

**Findings of Fact**

1. The court has jurisdiction pursuant to 28 U.S.C. § 1332. The amount in controversy at the time of removal from state to federal court exceeded $75,000. Plaintiffs are citizens of Indiana, and Defendant is a citizen of Delaware with its principal place of business in Ohio.

2. Plaintiffs own commercial real estate consisting of approximately thirteen (13) acres located at the southeast corner of the intersection of U. S. Highway 41 and Hart Street in Knox County, Vincennes, Indiana.

3. In 1966, Plaintiffs, as landlord, entered into a Ground Lease Agreement for the Vincennes Plaza with Nathaniel D. Ewing, as tenant. An Amended Ground Lease between Ewing and Plaintiffs was signed in 1973 (effective date of October 24, 1972) ("Amended Ground Lease").

4. Article II of the Amended Ground Lease provides that if any "overage or percentage" rents are owed to the tenant under a sublease, then the landlord receives 25% and the tenant receives 75% of the overage or percentage rents.

5. On November 7, 1972, Arapahoe Corporation (successor in interest to Ewing) entered into a sublease with S. S. Kresge Company (predecessor in interest to Kmart Corporation) ("1972 Kmart Sublease"). On October 26, 1990, Vincennes Plaza, Inc. (successor in interest to Arapahoe) entered into a First Amendment of the 1972 Kmart Sublease with Kmart Corporation ("1990 Kmart Amendment").

6. Through various assignments, as of July 28, 2000, Defendant has become the tenant of the Plaintiffs under the Amended Ground Lease. Defendant has a sublease with Kmart Corporation.

7. The 1972 Kmart Sublease provided for the payment of an annual minimum rent and possible additional rent. Any additional rent is subject to a threshold of gross sales by Kmart and can be reduced by payable real estate taxes and assessments. If

the payable real estate taxes and assessments exceed a certain threshold amount, then the "excess tax payment" can be applied against additional rent and carried forward and applied against future additional rents. The 1990 Kmart Amendment kept these terms and conditions in place, but carved out any expansion by Kmart from being included in the calculations with respect to gross sales and additional rent. Plaintiffs provided written consent to this Amendment in 1990. (*See* Ex. 5 (summary exhibit of relevant language from lease agreements)).

8. Plaintiffs allege that Defendant owes them the principal amount of $6,746.88 in overage rent because, for the lease years 2000 through 2004, Kmart Corporation inaccurately computed additional rent owed under the 1972 Kmart Sublease. As a result of this alleged breach of the Amended Ground Lease, Plaintiffs request that the court terminate the Amended Ground Lease and allow Plaintiffs to recover possession of Vincennes Plaza and their attorneys' fees and costs.

9. Plaintiffs' witness at trial was Ralph David Van Eaton. Mr. Van Eaton testified as a lay witness. Plaintiffs argued at trial that the tax numbers provided by Kmart should be used to compute the overage rent due.

10. Defendant agrees that Kmart miscalculated the additional rent owed. Defendant argues, however, that both the equation and the taxation dollar figures need to be corrected. According to Defendant, when the correct calculations are made, using accurate taxation information provided by Knox County instead of the numbers provided by Kmart, no overage or percentage rent is due. Defendant therefore

denies that Plaintiffs are entitled to any overage rent and requests its attorneys' fees and costs as the prevailing party, pursuant to the Amended Ground Lease.

11. Defendant's witness at trial was Todd Dahl, Defendant's senior lease administrations analyst. Dahl testified as an expert, but Defendant did not introduce into evidence the disputed tax information from Knox County.

12. The parties dispute whether relevant Kmart taxes were the taxes "paid" or the taxes "payable" in a given year. The 1972 Kmart Sublease says "payable." (Ex. 5 at 2). Dahl testified that taxes paid have been paid during a given lease year, whereas taxes payable are defined by the taxing authority and, for example, 2002 taxes become payable in 2003. Dahl's expert testimony on this point was both credible and unrebutted.

## Conclusions of Law

13. Plaintiffs bear the burden of proof in establishing that a breach has occurred. 20 Richard A. Lord, Williston on Contracts §1338 (3d ed. 1968) Williston on Contracts § 63:14 (4th ed. 2005) ("The plaintiff or party alleging the breach has the burden of proof on all of its breach of contract claims.").

14. Plaintiffs have failed to prove that the tax numbers provided by Kmart are the applicable numbers for figuring the overage rent, if any, due to them. Therefore, Plaintiffs have failed to prove that they are owed the principal amount of $6,746.88 under the 1972 Kmart Sublease.

15. Plaintiffs are not entitled to terminate the Amended Ground Lease and reenter and

    recover the Vincennes Plaza.

16.    The court has previously entered summary judgment in favor of the Defendant on Count I of Plaintiffs' Amended Complaint. The Amended Ground Lease provides for the recovery of attorneys' fees and costs to the prevailing party, and Defendant has requested its attorneys' fees and costs. Therefore, Defendant is entitled to recover its attorneys' fees and costs.

Dated:  May 15, 2006.

                                                       RICHARD L. YOUNG, JUDGE
                                                       United States District Court
                                                       Southern District of Indiana

Electronic copies to:

L. Edward Cummings
HART BELL LLC
ecummings@hartbell.com

Nathaniel Mark Ewing
HART BELL LLC
mewing@hartbell.com

Max Eric Fiester
RUDOLPH FINE PORTER & JOHNSON
mef@rfpj.com

Stacy Kerns Harris
RUDOLPH FINE PORTER & JOHNSON
skh@rfpj.com

George T. Patton Jr.
BOSE MCKINNEY & EVANS, LLP
gpatton@boselaw.com

Michael R. Reed
SQUIRE SANDERS & DEMPSEY LLP
mreed@ssd.com

Ross E. Rudolph
RUDOLPH FINE PORTER & JOHNSON
rer@rfpj.com

6